IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 23 C 14306 |
| | ) | |
| ANDREW HESTER, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In 2020, Andrew Hester pled guilty to two crimes: attempted Hobbs Act robbery in violation of 21 U.S.C. § 1951(a), and using, carrying, or brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The attempted Hobbs Act robbery was the predicate "crime of violence" for Hester's section 924(c) charge. Hester has filed a *pro se* motion under 28 U.S.C. § 2255, arguing that he is entitled to relief because of the Supreme Court's decision in *United States v. Taylor*, 596 U.S. 845 (2022), which held that attempted Hobbs Act robbery is not a "crime of violence" under section 924(c)(1)(A)(ii). For the reasons below, the Court denies Hester's motion.

### Background

Hester and a codefendant attempted to rob an auto service shop at gunpoint in May 2018. He was charged in three counts of a four-count superseding indictment. Hester pled guilty to count 2 of the indictment, which charged him with taking and attempting to take currency from an employee of the auto service shop by actual and

threatened force, and to count 3 of the indictment, which charged him with using, carrying or brandishing a firearm during and in relation to a crime of violence. Hester's guilty plea was unconditional. The Court sentenced Hester to consecutive prison terms of 18 months on count 2 and 84 months on count 3. The judgment was entered on August 5, 2020. Hester did not appeal.

Two years later, the Supreme Court decided *United States v. Taylor*, holding that attempted Hobbs Act robbery is not a crime of violence. The *Taylor* decision was issued on June 21, 2022. On July 12, 2022, Hester filed a section 2255 motion in which he argued that he was entitled to relief pursuant to the Supreme Court's decision in *Taylor*. The Court dismissed Hester's motion without prejudice, determining that it was time barred given the interval between the judgment and the filing of the motion, and because the *Taylor* decision had not been made retroactively applicable to cases on collateral review—which would have provided a later start date for the one-year limitations period. The Court declined to issue a certificate of appealability.

## Discussion

Hester again moves for relief under section 2255, arguing that the Court should vacate the sentence imposed for count 3 pursuant to the Supreme Court's holding that "attempted Hobbs Act robbery does not qualify as a crime of violence" under the elements clause of section 924(c)(3)(A). *Taylor*, 596 U.S. at 852. Hester also argues that the statute of limitations should not bar his motion, for two reasons. The first is that for most of 2020 and 2021 inmates at U.S.P. Hazelton, where Hester was incarcerated, were unable to access the law library, law library computers, legal telephone calls, and other resources due to COVID-19 restrictions. The second is that his procedural default

should be excused because, in light of *Taylor*, he is actually innocent of the section 924(c) offense.

**A.     Timeliness**

Section 2255 provides that incarcerated prisoners "may move the court which imposed the[ir] sentence to vacate, set aside or correct [that] sentence" on the ground that it was "imposed in violation of the Constitution or laws of the United States," that the court lacked jurisdiction to impose such a sentence, or that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  Motions under section 2255 are subject to a one-year statute of limitations, which runs from the latest of several possible dates, three of which are arguably relevant here:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; [or]
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

 28 U.S.C. § 2255(f)(1)-(3).  The Court addresses each of these possibilities in turn.

The judgment in Hester's case became final on August 19, 2020—the point at which the deadline for appeal expired, *Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013).  Thus if section 2255(f)(1) supplies the correct starting date for the limitations period, Hester needed to file his motion by or on August 19, 2021.  He filed the motion before the Court on September 26, 2023, over two years beyond the deadline.

To the extent that Hester is contending that his motion should be considered

3

timely because the COVID-19 restrictions at U.S.P. Hazelton in 2020 and 2021 were a government-created impediment to making the motion under section 2255(f)(2), his contention is unavailing. Even if Hester had limited access to legal resources during that period, he does not contend that he would have filed this motion before the statute of limitations ran out if not for the COVID-19 restrictions. Nor could he. Hester does not advance any basis for relief that would have been available to him at the time. The only claim he states is based on *Taylor*, which was decided in 2022—after the COVID-19 restrictions were lifted and after the one-year period from the date his conviction became final had run.

Under section 2255(f)(3), the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). *Taylor* was decided on June 21, 2022. Because the one-year limitations period runs from the date on which the right is recognized and not the date on which the right is made retroactively applicable, Hester's motion was due by June 21, 2023, if section 2255(f)(3) supplies the correct starting date. *See Dodd v. United States*, 545 U.S. 353, 357-58 (2005).

Hester's earlier section 2255 motion was filed in advance of this deadline, on July 12, 2022. The Court dismissed the motion without prejudice, prior to briefing, and without assessing whether *Taylor* applies retroactively on collateral review. The government concedes that "[b]ecause the retroactivity issue could have been resolved prior to the one-year anniversary of *Taylor* the basis for dismissal can be construed as a 'curable technical deficiency' and thus the July 12, 2022 petition doesn't count as the

4

first petition." Response at 6 n.2 (citing *Slack v. McDaniel*, 529 U.S. 473, 489 (2000)). The Court also notes that if it dismissed the July 12, 2022 petition in error, the Court could exercise its discretion to reopen that proceeding *sua sponte* under Federal Rule of Civil Procedure 60(b). For these reasons, the Court reviews Hester's current motion as his "first" rather than a second or successive motion and, for the purposes of determining if the dismissal of the earlier motion was in error, treats it as timely.

**B.     Retroactivity**

Neither the Seventh Circuit nor the Supreme Court have made *Taylor* retroactively applicable to cases on collateral review at this point. Though second or successive motions filed under 28 U.S.C. § 2255(h)(2) require the Supreme Court to make the declaration of retroactivity, *Poe v. LaRiva*, 834 F.3d 770, 773 (7th Cir. 2016), a district court judge may make the retroactivity decision for an initial motion under section 2255(f)(3). *See Crayton v. United States*, 799 F.3d 623, 624 (7th Cir. 2015).

When a Supreme Court decision results in a "new rule," as *Taylor* did, that rule may retroactively apply to final convictions only if (1) the new rule is substantive, or (2) it is a "watershed rule[] of criminal procedure." *Schriro v. Summerlin*, 542 U.S. 348, 351-52 (2004). Substantive rules "include[] decisions that narrow the scope of a criminal statute by interpreting its terms." *Id.* at 351.

In *Taylor*, the Supreme Court determined that attempted Hobbs Act robbery does not qualify as a crime of violence under 18 U.S.C. § 924(c)(3)(A). Sometimes called "the elements clause," section 924(c)(3)(A) defines a "crime of violence" to include offenses that "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

5

The elements of a case for attempted Hobbs Act robbery are "(1) [t]he defendant intended to unlawfully take or obtain personal property by means of actual or threatened force, and (2) he completed a 'substantial step' toward that end." *Taylor*, 596 U.S. at 851. The Court rejected the broader understanding of "threatened use" that the government proposed, and it concluded that

> an intention to take property by force or threat . . . is just that, no more. And whatever a substantial step requires, it does not require the government to prove that the defendant used, attempted to use or even threatened to use force against another person or his property.

*Id.* As a result, the Court held that attempted Hobbs Act robbery is not a crime of violence under the elements clause.

The Supreme Court's analysis demonstrates that the rule in *Taylor* is substantive and, accordingly, applies retroactively to cases on collateral review. The Court manifestly "narrow[ed] the scope of a criminal statute by interpreting its terms." *Schriro*, 542 U.S. at 351. *Taylor* is an exemplar case for where retroactivity is appropriate, as implementation of the new rule "necessarily carr[ies] a significant risk that a defendant stands convicted of an act that the law does not make criminal." *Id.* at 352 (quoting *Bousley v. United States*, 523 U.S. 614, 620 (1998)).

**C.      Unconditional guilty plea**

The impediment to Hester's motion, however, is the fact that he entered an unconditional guilty plea in which he waived non-jurisdictional defects in the indictment. This waiver includes the ability to challenge the predicate offense for the section 924(c)charge. Indeed, the Seventh Circuit has said that although an unconditional guilty plea "does not implicitly waive a defendant's right to challenge the constitutionality of his statute of conviction," *Grzegorczyk v. United States*, 997 F.3d 743, 746-48 (7th

6

Cir. 2021) (quoting *Oliver v. United States*, 951 F.3d 841, 846 (7th Cir. 2020)), it does "waive[] any contention that an indictment fails to state an offense." *Id.* (quoting *United States v. Wheeler*, 857 F.3d 742, 745 (7th Cir. 2017)).

As such, if Hester's guilty plea is valid, his claim cannot proceed. This is the case irrespective of the Court's determination that *Taylor* is retroactive on collateral review and even if the Court were to reopen Hester's July 2022 proceedings under Rule 60(b). The Court therefore proceeds to assess the validity of his guilty plea.

Hester challenges the validity of the plea agreement in his reply, but because he did not attack the validity of his plea on direct appeal, "he may only raise the issue in a § 2255 petition if he 'can first demonstrate either cause and actual prejudice, or that he is actually innocent.'" *Grzegorczyk*, 997 F.3d at 748 (quoting *Bousley*, 523 U.S. at 622). To the extent that Hester intends argue that the COVID-19 restrictions at U.S.P. Hazelton in 2020 and 2021 caused his failure to present any arguments on direct appeal, his contention is without merit for the same reasons previously discussed.

Hester does argue that he is actually innocent in light of the *Taylor* decision, but the law suggests that he cannot use a claim of actual innocence to overcome his unconditional waiver of the right to contest the section 924(c) charge. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The exception is "grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Herrera v. Collins*, 506 U.S. 390, 404 (1993) (quoting *McCleskey v. Zant*, 499 U.S. 467, 502 (1991)). "To establish actual

7

innocence, 'a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Lund v. United States*, 913 F.3d 665, 667 (7th Cir. 2019) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

The Seventh Circuit has "never explicitly held that [the actual innocence exception] can be used in situations where a subsequent change to the scope of a law renders the conduct the petitioner was convicted for no longer criminal." *Id.* at 667-68. The Seventh Circuit was presented with this question in *Lund* but declined to address it directly. Instead, the court denied Lund's section 2255 motion because he did not bring an underlying constitutional claim that was separate from his claim of actual innocence, and because there was "a clear statutory command limiting courts' equitable discretion to use the actual innocence gateway to excuse failure to comply with § 2255(f)(3)." *Id.* at 668-69.[1] As in *Lund*, Hester has not presented an underlying constitutional claim separate from his claim of actual innocence. "It is 'doubtful' that a petitioner's actual innocence claim and claim for relief on the merits can be the same." *Lund*, 913 F.3d at 668 (quoting *Perrone v. United States*, 889 F.3d 898, 903 (7th Cir. 2018)). Because actual innocence is "merely a gateway through which a court can consider a petitioner's otherwise barred claims on their merits," this "presupposes that a petitioner will have underlying claims separate from the claim that he is actually innocent." *Id.* The fact that the exception is meant to "'ensure that federal constitutional errors do not result in the

---

[1] The Court notes that at this juncture it is reviewing Hester's claim of actual innocence not to address the timeliness of his motion under section 2255(f)(3) but rather as an exception to his waiver of the right to challenge whether the section 924(c) charge stated a valid offense. As such, neither the Seventh Circuit's determination that section 2255(f)(3) does not permit a claim of actual innocence to excuse an untimely motion nor the government's argument to that effect are applicable here.

8

incarceration of innocent persons' . . . suggests that the underlying claim must be a constitutional claim, rather than a statutory claim." *Id.* (quoting *Perrone*, 889 F.2d at 903). Given the Seventh Circuit's views, the Court declines to exercise its equitable discretion to grant an actual innocence exception to Hester's defaulted attack on his plea agreement. The Court therefore concludes that Hester waived his ability to contest the validity of the section 924(c) charge.

But even if the Court were to consider Hester's claim that his plea agreement is invalid, his contention lacks merit. "A change in the law after a defendant pleads guilty does not change the voluntariness of the plea at the time it was entered." *Grzegorczyk*, 997 F.3d at 748. Hester has not presented any other legitimate basis to challenge the validity of his plea. He contends that he did not sign the plea agreement, that the government did not provide consideration for entry into the agreement, and that he did not enter the agreement knowingly. But Hester's signature *is* affixed to the plea agreement alongside that of his attorney and the prosecutor (and Hester confirmed this under oath at the guilty plea hearing). And the government *did* provide consideration; it dropped one of the charges against Hester—count 1, a charge of conspiracy to violate the Hobbs Act. And Hester confirmed under oath during his Rule 11 colloquy that he had discussed the entirety of the agreement with his attorney, understood it fully, and was pleading guilty voluntarily. Hester makes no challenge to the sufficiency of that colloquy, nor does he offer any other basis to suggest that his plea was anything other than knowing or voluntary. "When a proper Rule 11 colloquy has taken place, a guilty plea enjoys a presumption of verity . . . [and] [a] defendant's burden of showing the existence of a fair and just reason [to withdraw the plea] is heavy." *United States v.*

9

*Mays*, 593 F.3d 603, 607 (7th Cir. 2010). Hester has not met this burden.

## Conclusion

For the reasons stated above, the Court denies Hester's section 2255 motion (dkt. no. 1) and terminates as moot his motion for an extension of time (dkt. no. 10). The Court directs the Clerk to enter judgment stating as follows: Andrew Hester's motion under 28 U.S.C. § 2255 is dismissed with prejudice. In addition, the Court declines to issue a certificate of appealability, because there is nothing in the merits of Hester's claim is debatable, capable of different resolution, or deserving of further consideration. *See* 28 U.S.C. § 2253(c)(2); *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983); *Porter v. Gramley,* 121 F.3d 1308, 1312 (7th Cir. 1997).

_____
MATTHEW F. KENNELLY
United States District Judge

Date: June 11, 2024